**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BROADCAST MUSIC, INC., et al., | Case No.:2:05-CV-1275-BES-GWF |
| Plaintiffs, | **ORDER** |
| v. | |
| RIBOLO GAMING, LLC d/b/a MOON DOGGIES WEST and ROBERT MCKINNEY and JAY GUY ERLAN, each individually, | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Default Judgment against Defendant Robert McKinney and Defendant Ribolo Gaming, LLC d/b/a/ Moon Doggies West (# 25) (collectively "Defendants") filed on April 17, 2006.[1] Defendants did not file a response. On June 12, 2006, Plaintiffs filed a Notice of Non-Opposition to Motion for Default and Request to Grant Motion under LR 7-2(d)(#26). Plaintiffs request that the Court enter default judgment against Defendant Robert McKinney and Defendant Ribolo Gaming, LLC d/b/a/ Moon Doggies West for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. Plaintiffs further request the Court order that Defendants be enjoined from infringing the copyright musical composition of the Plaintiffs, award statutory damages in the amount of $27,000.00, Plaintiffs' costs, including attorneys' fees in the amount of $5,352.87, and interest.

---

[1] On February 9, 2006, the Clerk entered Default Judgment against Defendant Robert McKinney (# 15) and Defendant Ribolo Gaming, LLC d/b/a/ Moon Doggies West (# 16) for failure to plead or defend pursuant to Federal Rule of Civil Procedure 55(b)(1).

1

A. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) requires the party entitled to default judgment to apply to the court for the same, and authorizes the court "to determine the amount of damages," where necessary, "to enable the court to enter judgment or to carry it into effect." Accordingly, before this Court can enter a default judgment against Defendants, the Court must ascertain the proper amount of damages to which Plaintiffs are entitled.  To establish the amount due and owing upon default judgment, Plaintiffs submitted the following; (1) Affidavit of Lawrence Stevens and supporting documents; and (2) Affidavit of Maximiliano D. Couvillier III.

The district court's decision whether to grant or deny default judgment is discretionary in nature.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  The court is free to consider a variety of factors in the exercise of such discretion, including: (1) the possibility of prejudice to the plaintiff; (2) The merits of plaintiff's substantive claim; (3) The sufficiency of the complaint; (4) The sum of money at stake in the action; (5) The possibility of a dispute concerning material facts; (6) Whether the default was due to excusable neglect; and (7) The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Itel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  After considering those factors and having reviewed Plaintiffs' documents, the Court finds that Plaintiffs are entitled to default judgment.

B. Injunctive Relief

The copyright laws vest the court with power to grant injunctive relief.  17 U.S.C. § 502. For violations of 17 U.S.C. §501, "any court having jurisdiction of a civil action under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  See 17 U.S.C. §502(a).

Plaintiffs request an injunctive order that Defendants be enjoined from infringing on Plaintiffs' rights.  The terms of the injunction requested in the Motion for Default Judgment were the same as those prayed for in the Complaint.   In this case, Plaintiffs have provided sufficient evidence that Defendants have continued to infringe the copyrights of certain musical

compositions. Defendant Ribolo Gaming, LLC d/b/a/ Moon Doggies West did not respond to the Complaint and Defendant Robert McKinney has failed to timely respond to the Complaint despite receiving adequate notice. Furthermore, Defendants did not respond to this Motion for Default Judgment. Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." The Court finds the proposed injunctive relief sought is appropriate. Failure to grant the injunction would result in Plaintiffs continued exposure to harm with no method of recourse.

C. Statutory Damages

Under the copyright laws, an "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profit of the infringer, as provided by section (b);or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. §504(a).

For statutory damages, "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).

In the Complaint, Plaintiffs request the Court to order statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. Section 504. Plaintiffs also mention the actual number of infringement works for which they are seeking statutory damages. For the nine separate acts of infringement described in the Complaint, Plaintiffs request a total award of $27,000, or $3,000 for each of the nine acts of infringement. This amount is within the statutory damages provision provided by Section 504 of the Copyright act. Again, Defendants did not respond to Plaintiffs' Motion for Default Judgment. For default judgment under Federal Rule of Civil Procedure 55, granting damages is within the "wide latitude" of the district court's discretion. James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993). Therefore, ordering damages for copyright infringement violations is appropriate.

D. Attorney's Fees and Costs

Under 17 U.S.C. § 505, courts have the discretion to award "the recovery of full costs" and reasonable attorney fees. 17 U.S.C. §505. To date, Plaintiffs have incurred a total of $5,352.87 in fees and costs pursuing this matter (attorney fees in the amount of $4,472.25 and costs in the amount of $880.62). In this case, the Complaint prayer included costs of suit and reasonable attorney fees. Because Plaintiffs' costs of suit and attorney fees were originally requested in the Complaint and Defendants had notice of this, it should be granted. In accordance with the forgoing,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Default Judgment against Defendant Robert McKinney and Defendant Ribolo Gaming, LLC d/b/a/ Moon Doggies West (# 25) is GRANTED and default judgment is entered against Defendant Robert McKinney and Defendant Ribolo Gaming, LLC d/b/a/ Moon Doggies West as follows:

(1) Defendants are enjoined and restrained from infringing, in any manner, the copyright musical composition licensed by Plaintiffs, pursuant to 17 U.S.C. §502;

(2) Defendants shall pay statutory damages in the amount of $27,000.00, which represents an award of $3,000.00 for each of the nine acts of infringement pursuant to 17 U.S.C. § 504(c);

(3) Defendants shall pay Plaintiffs' costs, including attorneys' fees, in the amount of $5,352.87, pursuant to 17 U.S.C. §505; and

(4) Defendants shall pay interest at the rate prescribed by 28 U.S.C. § 1961 from the date of the entry of judgment.

IT IS HEREBY FURTHER ORDERED that the Clerk of Court shall enter final judgment against Defendant Robert McKinney and Defendant Ribolo Gaming, LLC d/b/a/ Moon Doggies West as there is no just reason for delay.

///
///
///

IT IS HEREBY FURTHER ORDERED that Plaintiffs' Motion to Stay (#27) is DENIED AS MOOT.

DATED: This 21st day of November, 2006.

_____
UNITED STATES DISTRICT JUDGE

5